# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY CAREY, SHANNON DILBECK, and VICTORIA MOLINAROLO, individuals, on their own behalf and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>NEW BALANCE ATHLETIC SHOE, INC.,<br><br>　　　　　　　　Defendant. | Civil Action No. 11-cv-10001-LTS |

## AMENDMENT TO SETTLEMENT AGREEMENT

This amendment (referred to herein as "Amendment"), dated August 20, 2012, hereby amends the terms and conditions of that certain agreement entitled "SETTLEMENT AGREEMENT", made on or about July 28, 2012 (the "Settlement Agreement"), by, between and among Plaintiffs Kimberly Carey, Shannon Dilbeck, and Victoria Molinarolo, and Defendant New Balance Athletic Shoe, Inc., and filed on July 30, 2012 as Docket Number 90.

Terms that are capitalized, and not otherwise defined herein, shall have the meanings ascribed to them in the Settlement Agreement.

I.      **Amendment of Paragraph III.C.3**

The Settlement Agreement is hereby amended by striking Paragraph III.C.3 and replacing it with the following:

3.      If there are any funds remaining in the Escrowed Fund from the claim program, including, but not limited to, any funds remaining in the Escrowed Fund after all Claims have been paid or un-cashed distributions made payable to eligible Class Members ("Residual Funds"), the Class Action Settlement Administrator shall distribute the Residual Funds to the following non-profit organizations as follows: fifty percent (50%) to Diabetes Research & Wellness Foundation (http://www.diabeteswellness.net), twenty-five percent (25%) to American Cancer Society (http://www.cancer.org) to be used exclusively for charitable purposes relating to breast cancer, and twenty-five percent (25%) to American Heart Association (www.heart.org), and/or other nonprofit organization(s) or foundation(s) that are agreed upon by the Parties.  The Residual Funds will not be returned to

Defendant.  Defendant represents and warrants that any payment of Residual Funds to any charities, non-profit organizations, or governmental entit(ies) shall not reduce any of its donations or contributions to any entity, charity, charitable foundation or trust, and / or non-profit organization.

## II.    Amendment of Exhibits 2, 3, 4, 5, 7 and 9

Exhibits 2, 3, 4, 5, 7 and 9 to the Settlement Agreement are also hereby amended by striking Exhibits 2, 3, 4, 5, 7 and 9 attached to the Settlement Agreement and replacing them with the Amended Exhibits 2, 3, 4, 5, 7 and 9 attached hereto as Appendix "A" through Appendix "F", respectively.

Except as otherwise amended herein, all terms and conditions of the Settlement Agreement shall remain in full force and effect.

*[signature pages follow]*

IN WITNESS HEREOF, the Parties have executed this amendment on the date set forth

below.

APPROVED AND AGREED TO BY THE PLAINTIFFS, IN THEIR INDIVIDUAL AND
REPRESENTATIVE CAPACITIES

By:_____     DATE:  August 20, 2012
    KIMBERLY CAREY

By:_____     DATE:  August 20, 2012
    SHANNON DILBECK

By:_____     DATE:  August 20, 2012
    VICTORIA MOLINAROLO

APPROVED AND AGREED TO BY
CLASS COUNSEL

By:_____     DATE:  August 20, 2012
    ROBERT AHDOOT
    TINA WOLFSON
    AHDOOT & WOLFSON, PC

APPROVED AND AGREED TO BY
AND ON BEHALF OF NEW BALANCE
ATHLETIC SHOE, INC.

By:_____     DATE:  August 20, 2012
  Name: EDWARD J HADDAD
  Title: VICE PRESIDENT

By:_____     DATE:  August 20, 2012
    R. DAVID HOSP
    GOODWIN PROCTER LLP

3

IN WITNESS HEREOF, the Parties have executed this amendment on the date set forth below.

APPROVED AND AGREED TO BY THE PLAINTIFFS, IN THEIR INDIVIDUAL AND REPRESENTATIVE CAPACITIES

By:_____        DATE:  August 20, 2012
   KIMBERLY CAREY

By:_____        DATE:  August 20, 2012
   SHANNON DILBECK

By:_____        DATE:  August 20, 2012
   VICTORIA MOLINAROLO


APPROVED AND AGREED TO BY
CLASS COUNSEL

By:_____        DATE:  August 20, 2012
   ROBERT AHDOOT
   TINA WOLFSON
   AHDOOT & WOLFSON, PC


APPROVED AND AGREED TO BY
AND ON BEHALF OF NEW BALANCE
ATHLETIC SHOE, INC.


By:_____        DATE:  August 20, 2012
   Name:
   Title:


By:_____        DATE:  August 20, 2012
   R. DAVID HOSP
   GOODWIN PROCTER LLP

## TABLE OF APPENDICES

1.    **APPENDIX A**:        Amended Exhibit 2 to the Settlement Agreement –
                             **Class Notice**

2.    **APPENDIX B**:        Amended Exhibit 3 to the Settlement Agreement –
                             **Final Order**

3.    **APPENDIX C**:        Amended Exhibit 4 to the Settlement Agreement –
                             **Final Judgment**

4.    **APPENDIX D**:        Amended Exhibit 5 to the Settlement Agreement –
                             **Preliminary Approval Order**

5.    **APPENDIX E**:        Amended Exhibit 7 to the Settlement Agreement –
                             **Settlement Claim Procedures and Claim Calculation
                             Protocol**

6.    **APPENDIX F:**        Amended Exhibit 9 to the Settlement Agreement –
                             **Confidentiality Agreement**

# APPENDIX A
EXH. 2 TO THE SETTLEMENT AGREEMENT:
CLASS NOTICE (AMENDED)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY CAREY, SHANNON DILBECK, and VICTORIA MOLINAROLO, individuals, on their own behalf and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>NEW BALANCE ATHLETIC SHOE, INC.,<br><br>                  Defendant. | Civil Action No. 11-cv-10001-LTS |

NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, AND FAIRNESS HEARING

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

### YOU ARE <u>NOT</u> BEING SUED.

# If you purchased the New Balance Toning Shoes listed below from January 1, 2010 up to and including [DATE], the proposed settlement of a class action lawsuit may affect your rights.

- The settlement will provide $2.3 million to pay claims from those who purchased New Balance Toning Shoes, at any time from January 1, 2010 to **[DATE]**.

- To qualify, you must have purchased at least one pair of the New Balance Toning Shoes, listed on page 6 of this Notice.

Your legal rights may be affected whether you act or not.  **Read this notice carefully because it explains decisions you must make and actions you must take <u>now</u>.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **DO NOTHING** | You get no payment.  You give up your rights. | |
| **SUBMIT A CLAIM FORM** | This is the only way to get a payment. | The Claim Form, which is attached to this notice, must be completed and electronically submitted no later than **[DATE]** or mailed **postmarked** no later than **[DATE]**.  One claim form may be submitted for each pair of eligible shoes purchased. |
| **EXCLUDE YOURSELF** | You get no payment under the settlement.  This is the only choice that will allow you to sue New Balance on your own about the claims discussed in this notice. | An exclusion request must be in writing and mailed to the Settlement Administrator **postmarked** on or before **[DATE]**. |
| **OBJECT TO THE SETTLEMENT** | You can write to the Court about why you do not agree with any aspect of the settlement. | An objection must be in writing, filed with the Court, and served on the Parties on or before **[DATE]**. |
| **GO TO A HEARING** | You can ask to speak to the Court about the "fairness" of the settlement, after you submit your objection. | If you wish to appear and speak to the Court, you must submit a Notice of Intention to Appear form, in writing, and file it with the Court on or before **[DATE]** in addition to submitting a timely objection. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court still has to decide whether to approve the settlement.  Payments will be distributed if the Court approves the settlement and after appeals, if any, are resolved in favor of the settlement.  Please be patient.

- If you do not exclude yourself from the Class, the proposed settlement (if finally approved) will release certain claims, which are reprinted in full in Appendix A to this notice, and will affect your right to start or continue any other lawsuit or proceeding involving Toning Shoes.

**QUESTIONS? VISIT www.NewBalanceSettlement.com OR CALL, TOLL-FREE, 1-866-893-0232**

## WHAT THIS NOTICE CONTAINS

**PART I:   WHY YOU HAVE RECEIVED THIS NOTICE** ...................................................... **4**
    **1.**    WHY DID I RECEIVE THIS NOTICE? ................................................. 4
    **2.**    WHAT IS THIS LAWSUIT ABOUT AND WHY DID IT SETTLE? ................. 4
    **3.**    WHAT DOES THE SETTLEMENT PROVIDE? ................................... 5

**PART II:   DESCRIPTION OF THE CLASS** .................................................................. **5**
    **4.**    WHY IS THIS A "CLASS ACTION"? ................................................. 5
    **5.**    AM I A MEMBER OF THE CLASS? ................................................. 5
    **6.**    ARE THERE EXCEPTIONS TO BEING INCLUDED? ......................... 6
    **7.**    WHAT ARE THE "TONING SHOES"? ............................................ 6
    **8.**    I'M STILL NOT SURE IF I'M INCLUDED. ....................................... 6

**PART III:   DECISIONS YOU MUST MAKE NOW** .......................................................... **6**
    **9.**    WHAT DO I NEED TO DO NOW? ................................................. 6
    **10.**    WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE CLASS? ................... 7
    **11.**    DO I HAVE TO SIGN A RELEASE? ............................................... 7
    **12.**    WHAT IF I DO NOTHING? ......................................................... 7

**PART IV:   SETTLEMENT BENEFITS – WHAT YOU CAN GET** ........................................ **7**
    **13.**    WHAT CAN I GET FROM THE SETTLEMENT? ................................ 7
    **14.**    HOW CAN I MAKE A CLAIM? ..................................................... 8
    **15.**    WHAT IS THE CLAIM PROCESS? ................................................ 8
    **16.**    HOW MUCH IS THE CLAIM PROCESS WORTH TO THE CLASS? ............. 9
    **17.**    WHAT HAPPENS AFTER ALL CLAIMS ARE PROCESSED AND
        THERE ARE FUNDS REMAINING? ............................................... 9
    **18.**    WHEN WILL I GET MY PAYMENT, IF ANY? ................................... 9

**PART V:   CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS?** ................ **10**

**PART VI:   THE LAWYERS REPRESENTING THE CLASS** ............................................. **10**
    **19.**    DO I HAVE A LAWYER IN THIS CASE? .......................................... 10
    **20.**    HOW WILL THE LAWYERS AND CLASS REPRESENTATIVES IN
        THE ACTION BE PAID? ............................................................. 11

**PART VII:   EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................. **11**
    **21.**    HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE
        SETTLEMENT? ....................................................................... 11
    **22.**    WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS? ............... 12

**QUESTIONS? VISIT www.NewBalanceSettlement.com OR CALL, TOLL-FREE, 1-866-893-0232**

**23.**  IF I DON'T EXCLUDE MYSELF, CAN I SUE NEW BALANCE
LATER?.................................................................................................. 12

**PART VIII:  OBJECTING TO THE SETTLEMENT ............................................. 13**
**24.**  HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT? ........................ 13
**25.**  WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND
"EXCLUDING"?.................................................................................. 14

**PART IX:  THE COURT'S FAIRNESS HEARING.................................................. 14**
**26.**  WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO
APPROVE THE SETTLEMENT?.................................................................... 14
**27.**  DO I HAVE TO COME TO THE HEARING?..................................................... 14
**28.**  MAY I SPEAK AT THE FAIRNESS HEARING? ............................................. 14
**29.**  WHAT DO I HAVE TO DO TO SPEAK AT THE FAIRNESS
HEARING?............................................................................................. 14

**PART X:  GETTING ADDITIONAL INFORMATION ........................................ 15**

| PART I: | WHY YOU HAVE RECEIVED THIS NOTICE |
|---|---|

### 1.  WHY DID I RECEIVE THIS NOTICE?

You received this notice because you may be a Class Member able to receive payment from a proposed settlement of a class action. This lawsuit was brought on behalf of persons or entities that purchased Toning Shoes (more fully described below) from New Balance Athletic Shoe, Inc. ("New Balance"), and/or its authorized retailers.

The Court approved this notice because you have a right to know about the proposed settlement, and about your rights and options, before the Court decides whether to approve the settlement. You will be informed of the progress of this settlement and may receive payment if you are a Class Member and submit a completed and timely Claim Form.

This package explains: (1) this lawsuit, (2) the proposed settlement, (3) your legal rights, (4) what payments are available, (5) who is eligible for what payments under the settlement, (6) how to get a payment, and (7) other important information.

Information about the settlement is summarized below.  The Settlement Agreement, available on the settlement website, gives greater detail on the rights and duties of the parties.  If there is any conflict between this notice and the Settlement Agreement, its exhibits, or amendment(s) thereto (together, the "Settlement Agreement"), the Settlement Agreement controls.

### 2.  WHAT IS THIS LAWSUIT ABOUT AND WHY DID IT SETTLE?

The lawsuit, *Kimberly Carey, et al. v. New Balance Athletic Shoe, Inc.*, Case Number 11-cv-10001-LTS (D. Mass.) (the "Action"), concerns claims that New Balance violated certain state

laws and consumer protection statutes in connection with the marketing and sale of Toning Shoes since January 1, 2010.   Plaintiffs claim that New Balance, in connection with the marketing and sale of Toning Shoes, misrepresented the benefits of wearing Toning Shoes to consumers.  Plaintiffs further claim that Toning Shoes did not provide the benefits to consumers claimed by New Balance.  New Balance denies any and all claims of wrongdoing and does not admit any fault, wrongdoing or liability.

The plaintiffs in the Action, through their attorneys, thoroughly investigated the facts and law relating to the issues in the Action.  The parties believe that the settlement is fair, reasonable, and adequate and will provide substantial benefit to the Class.  The Court has not decided whether the plaintiffs' claims or New Balance's defenses have any merit, and it will not do so if the proposed settlement is approved.  The proposed settlement does not suggest that New Balance has or has not done anything wrong, or that the plaintiffs and the Class would or would not win their case if it were to go to trial.

### 3.  WHAT DOES THE SETTLEMENT PROVIDE?

The settlement provides that New Balance will create a fund of $2.3 million.  This will be used to resolve all approved Claims submitted through the Claim Process. The fund is subject to certain terms, requirements, and deductions, as further described below in Question 16.  New Balance is also agreeing to refrain from certain conduct in its marketing.  Each of the three (3) named Class Representatives will be paid an amount not to exceed $5,000, as awarded by the Court, to be paid from the $2.3 million fund.  New Balance has also agreed to separately pay an additional $500,000 for notice and administration costs.  In addition to the $2.3 million fund and $500,000 in notice and administration costs, New Balance has agreed to pay attorneys' fees and costs, separately, in a total amount not to exceed $950,000, as awarded by the Court.

| PART II. | DESCRIPTION OF THE CLASS |
|---|---|

### 4.  WHY IS THIS A "CLASS ACTION"?

In a class action, one or more people, called Class Representatives (in this case, Kimberly Carey, Shannon Dilbeck, and Victoria Molinarolo), sue on behalf of themselves and other people who have similar claims.  All these people are Plaintiffs and Class Members.  The company they sue, in this case New Balance, is called the Defendant.  One Court resolves the issues for all Class Members in a Class Action, except for those who exclude themselves from the Class.  The Court in charge of this case is the United States District Court for the District of Massachusetts, located at the following address: 1 Boston Courthouse Way, Boston, Massachusetts 02210.

### 5.  AM I A MEMBER OF THE CLASS?

Except as noted below, the Class includes all persons or entities that bought Toning Shoes from New Balance U.S. Retailers, New Balance Stores, shopnewbalance.com, joesnewbalanceoutlet.com, New Balance Outlets, or other third-party retailers from January 1,

**QUESTIONS? VISIT www.NewBalanceSettlement.com OR CALL, TOLL-FREE, 1-866-893-0232**

2010 through **[DATE]**.

### 6.  ARE THERE EXCEPTIONS TO BEING INCLUDED?

The Class does <u>not</u> include the following persons, entities, or claims:

- New Balance's board members or executive-level officers, including its attorneys;
- Persons or entities who purchased the Toning Shoes primarily for purposes of resale;
- Any claims for personal injury relating to the use of Toning Shoes;
- Distributors or re-sellers of Toning Shoes;
- The judge and magistrate judge and their immediate families presiding over the Action;
- Governmental entities; and
- Persons or entities who or which timely and properly exclude themselves from the Class as provided in the Settlement Agreement.

### 7.  WHAT ARE THE "TONING SHOES"?

"Toning Shoes" means New Balance's toning shoes, referred to as the New Balance Rock&Tone, TrueBalance, Aravon Ria, Aravon Riley, or Aravon Quinn models.

### 8.  I'M STILL NOT SURE IF I'M INCLUDED.

If you do not understand whether or not you are a Class Member, you can visit our web site, **www.newbalancesettlement.com**, or you can contact Class Counsel.

---

|        PART III:      DECISIONS YOU MUST MAKE NOW        |

### 9.  WHAT DO I NEED TO DO <u>NOW</u>?

**FIRST**, you must decide whether you wish to remain in the Class or exclude yourself from the Class.  If you want to be excluded from the Class, you must write to the Class Action Settlement Administrator as described below in Question 21 **no later than [DATE]**.

**SECOND**, if you remain in the Class, you may object to any part of the proposed settlement by filing a written objection with the Court.  You must also provide a copy to Class Counsel and New Balance's Counsel, as described in Question 24.  The Court and the parties must **receive** your written objection **no later than [DATE]**.

Additionally, if you file an objection, you may also request to appear and speak at the Court's Fairness Hearing.  If you wish to appear and speak you must submit an objection and, also, file and serve a Notice of Intention to Appear at the Fairness Hearing, **by [DATE].  See** Question 29 for more information.

**QUESTIONS? VISIT www.NewBalanceSettlement.com OR CALL, TOLL-FREE, 1-866-893-0232**

**THIRD**, if you remain a Class Member, you can submit a Claim Form, as described below. Claim Forms may be submitted online no later than **[DATE]** or mailed, postmarked no later than **[DATE]**. You may submit one Claim Form for each pair of eligible Toning Shoes purchased.

### 10. WHAT DO I GIVE UP IF I CHOOSE TO STAY IN THE CLASS?

If you choose to remain in the Class, you may submit a Claim Form and may receive payment under the settlement. You will be deemed to give New Balance and the Released Parties the Release and Waiver of Claims set forth in **Appendix A**. You will also be bound by all Court actions and judgments entered. You will not be able to sue or otherwise proceed against New Balance on any claims related to this lawsuit.

### 11. DO I HAVE TO SIGN A RELEASE?

No. If you remain in the Class, you will automatically release New Balance and the Released Parties from any claims set forth in **Appendix A** and will give up your rights to pursue or continue any action against New Balance relating to your Toning Shoes and the claims at issue in this lawsuit. **A word-for-word copy of the Release section from the Settlement Agreement is attached to this Notice as Appendix A.** Because Class Members will release a wide range of claims in order to receive the benefits in the Settlement Agreement, please carefully read the "Release And Waiver of Claims" attached to this Notice as **Appendix A**.

### 12. WHAT IF I DO NOTHING?

**If you are a Class Member and do nothing, you will <u>not</u> get any payment from the settlement, but will be bound by the settlement's release and waiver of claims.** You must complete and submit a Claim Form on or before the deadline, which is **[DATE]**, in order to be considered for payment under the settlement.

Unless you exclude yourself from the Class, if the settlement is approved all of the Court's orders will apply to you and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against New Balance about the claims in this lawsuit, ever again, regardless of whether you submit a Claim Form.

## PART IV:     SETTLEMENT BENEFITS – WHAT YOU CAN GET

### 13. WHAT CAN I GET FROM THE SETTLEMENT?

Your payment in this settlement depends upon the approval of your claim and the total sum of all approved Claims submitted by all other Class Members and other factors specified in the Settlement Agreement and in this Class Notice. As a result, the amount of relief available to eligible Class Members may vary.

**QUESTIONS? VISIT <u>www.NewBalanceSettlement.com</u> OR CALL, TOLL-FREE, 1-866-893-0232**

If the total value of all approved Claims submitted by Class Members exceeds the amount of money available to pay claims (*i.e.*, $2.3 Million less any fees, costs, and payments specified in the Settlement Agreement), each eligible Class Member's award shall be reduced on a pro rata basis. Likewise, if the total value of all approved claims submitted by Class Members is less than the amount of money available to pay claims (*i.e.*, $2.3 Million less any fees, costs, and payments specified in the Settlement Agreement), each eligible Class Member's award shall be increased on a pro rata basis to a maximum of $100. In the event a Class Member purchased more than one pair of the Toning Shoes, that Class Member may submit one Claim for each eligible pair of Toning Shoes purchased.

In addition, New Balance has agreed to refrain from making certain claims in their marketing and sale of toning shoes. Specifically, New Balance will not say that their toning shoes are effective in strengthening muscles or that wearing such products will result in measurable amounts of muscle toning unless it is supported by a well-controlled human clinical study. Please see the settlement agreement for further information.

### 14. HOW CAN I MAKE A CLAIM?

To receive a payment under the settlement, you must send in a Claim Form. A Claim Form and directions are attached as **Appendix B** to this Class Notice. You may also obtain and print a Claim Form and other relevant documents by visiting **www.newbalancesettlement.com**. Please read the instructions and certification carefully, and fill out the form completely and accurately. Claim forms must be **electronically submitted** no later than **[DATE]** or mailed **postmarked** no later than **[DATE]** and addressed to:

<div align="center">

New Balance Settlement
c/o GCG
P.O. Box 9903
Dublin, OH 4017-5803

</div>

You may submit a claim form for each pair of eligible shoes purchased.

### 15. WHAT IS THE CLAIM PROCESS?

The Class Action Settlement Administrator will review each Claim Form. You may be requested to verify your purchase of Toning Shoes, by providing receipt(s) or other documentation. If you do not respond to these requests, it may result in the denial of your Claim. You will have thirty-five (35) days from the date of the Settlement Administrator's request to respond.

If a Claim is not contested, you will receive payment for that Claim in accordance with the terms of the Settlement Agreement. If the total Claims submitted by one person exceed $200.00, proof of purchase to validate the claim may be requested. Finally, all usual and customary steps to prevent fraud and abuse in the Claim Process will be taken. This includes denying claims in whole or in part to prevent fraud or abuse. Class Counsel and New Balance will be provided a

report on the denial of any claim due to insufficient documentation and may recommend additional action including payment.

The payment of approved Claims shall begin ten (10) days after the close of the Claim Period so long as this period is after the date the settlement is final and approved, including any appeals that must be resolved in favor of the settlement (the "Final Settlement Date"). Please see the settlement agreement and Question 18 for further information on how the Final Settlement Date is determined. The payment process shall be completed with approved Claims within one hundred twenty (120) days from its beginning.

### 16. HOW MUCH IS THE CLAIM PROCESS WORTH TO THE CLASS?

The settlement will provide a fund of $2.3 million that will be used to pay (i) a portion of the costs and expenses associated with the notice and claims administration that exceed $500,000 (New Balance will pay such costs and expenses up to $500,000 separately and in addition to the $2.3 Million fund); (ii) incentive payments of up to $5,000 to each named plaintiff, as ordered by the court; and (iii) valid and approved Claims submitted by Class Members pursuant to the Claim Process.

The fund will not be used to pay New Balance's attorneys' fees and costs or Class Counsels' attorneys' fees and costs.

### 17. WHAT HAPPENS AFTER ALL CLAIMS ARE PROCESSED AND THERE ARE FUNDS REMAINING?

If there are any funds remaining after all claims are processed, those funds shall be awarded *cy pres* and distributed to the following non-profit organizations as follows: fifty percent (50%) of the remaining funds to the Diabetes Research & Wellness Foundation (http://www.diabeteswellness.net), twenty-five percent (25%) to the American Cancer Society (http://www.cancer.org) to be used exclusively for charitable purposes related to breast cancer, and twenty-five percent (25%) to the American Heart Association (www.heart.org). No remaining funds will be returned to New Balance.

### 18. WHEN WILL I GET MY PAYMENT, IF ANY?

The Court will hold a Fairness Hearing on **[DATE]** at **[TIME]** to decide whether or not to approve the proposed settlement. The Court must finally approve the proposed settlement before any payments can be made. The Court will grant its approval only if it finds that the proposed settlement is fair, reasonable, and adequate. In addition, the Court's order may be subject to appeals. It is always uncertain whether these appeals can be resolved, and resolving them takes time, sometimes more than a year. Finally, there remains a possibility that this settlement may be terminated for other reasons. Everyone who sends in a Claim Form will be informed of the progress of the settlement. Please be patient. **The payment of approved Claims will begin ten (10) days after the close of the Claim Period so long as this is after the Final Settlement Date. It may begin sooner if agreed to by Plaintiffs' Counsel and New Balance. In the**

**event the Final Settlement Date falls after the close of the Claim Period, then payments of approved Claims will begin ten (10) days after the Final Settlement Date.**

**The Class Action Settlement Administrator shall have completed the payment to Class Members who have submitted timely, valid, and approved Claims, no later than one hundred and twenty (120) days after the Final Settlement Date or the close of the Claim Period, whichever is later.**

| PART V: | CAN I FILE A LATER LAWSUIT MAKING SIMILAR CLAIMS? |
|---|---|

**No.  If you remain a member of the Class and the settlement is finally approved, you will be automatically prohibited from starting or continuing any lawsuit or other proceeding against New Balance if those claims have been (or could have been) asserted in this lawsuit.**

As part of this settlement, the Court has preliminary stopped all Class Members and/or their representatives (who do not timely exclude themselves from the Class) from filing, participating in, or continuing litigation as Class Members or otherwise against New Balance (or against any of its related parties or affiliates), and/or from receiving any benefits from any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, based on or relating to the claims or causes of actions or the facts, and circumstances relating thereto, in the class action.

The Court has also preliminary stopped all persons from filing, beginning, or prosecuting a lawsuit against New Balance (or against any of its related parties or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, based on or relating to the claims, facts, and/or circumstances of the class action.

Upon final approval of the settlement, Plaintiffs and New Balance will ask the Court to enter a permanent ruling forbidding all Class Members and/or their representatives and/or personnel from engaging in the activities described above.  All Class Members will be bound by this order.

| PART VI: | THE LAWYERS REPRESENTING THE CLASS |
|---|---|

### 19. DO I HAVE A LAWYER IN THIS CASE?

The Court has designated attorneys at the law firm of **Ahdoot & Wolfson, P.C.** to represent you and the other Class Members in this lawsuit.  The lawyers representing you and the Class Members are called "Class Counsel."  **You will not be charged for the services of the Class Counsel.**  No later than fourteen (14) days prior to the objection deadline (see Part VIII), Class Counsel shall submit a request to the Court for payment of attorneys' fees and costs not to

**QUESTIONS? VISIT www.NewBalanceSettlement.com OR CALL, TOLL-FREE, 1-866-893-0232**

exceed $950,000.  Any fees and costs awarded by the Court will be paid by New Balance and will not reduce the settlement relief available to Class Members.

You may contact Class Counsel about this lawsuit and proposed settlement at the following address:

> Robert Ahdoot
> Tina Wolfson
> 10850 Wilshire Blvd., Suite 370
> Los Angeles, California 90024
> classactioncounsel@gmail.com

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so.  If you do hire your own lawyer, you will have to pay his or her fees and expenses.  You also have the right to represent yourself before the Court without a lawyer.

## 20. WILL THE LAWYERS AND CLASS REPRESENTATIVES IN THE ACTION BE PAID?

Class Counsel have prosecuted this case on a completely contingent fee and have not been paid anything to date for their services.  Class Counsel will request attorneys' fees and expenses not to exceed $950,000 to be paid directly by New Balance outside of the Settlement Fund.

Class Counsel will petition the Court for incentive awards of up to $5,000.00 for each of the named plaintiffs, Kimberly Carey, Shannon Dilbeck, and Victoria Molinarolo.  The purpose of such awards is to compensate for efforts and risks taken by them on behalf of the Class.  Any such amount awarded by the Court as an incentive award for the named plaintiffs will be paid out of the $2.3 Million fund.

New Balance shall pay the attorneys' fees and expenses and awards to Class Counsel within fifteen (15) business days after the Final Settlement Date. New Balance shall not be responsible for or obligated to pay any other fees, expenses, or costs in connection with this lawsuit or the Settlement Agreement, other than the amounts expressly provided for in the Settlement Agreement.

## PART VII:    EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue New Balance on your own about the legal issues in this case, then you must take steps to get out of the Class.  This is called excluding yourself or "opting out" of the Class.

## 21. HOW DO I GET OUT OF OR EXCLUDE MYSELF FROM THE SETTLEMENT?

If you want to be excluded from the Class, you <u>must</u> write to the Class Action Settlement Administrator.  To exclude yourself from the settlement, you must send a letter by mail.  Your exclusion request letter must be **postmarked** no later than **[DATE]**.  Send your letter to:

<div align="center">
New Balance Settlement<br>
c/o GCG<br>
P.O. Box 9903<br>
Dublin, OH 4017-5803
</div>

Your letter requesting exclusion does not need to be in any particular form, but it shall include the following information in order to be effective:

(1) your name;
(2) your address;
(3) your telephone number;
(4) the Toning Shoes for which you are requesting exclusion;
(5) a statement that you wish to be excluded from the Class;
(6) your signature; and
(7) the case name and case numbers:  *Kimberly Carey, et al. v. New Balance Athletic Shoe, Inc.*, Case Number 11-cv-10001-LTS (D. Mass.)

Please write **"EXCLUSION REQUEST"** on the lower left-hand corner of the ***front*** of the envelope.

### 22. WHAT HAPPENS IF I EXCLUDE MYSELF FROM THE CLASS?

If you request exclusion from the Class, then for each of the excluded Toning Shoes:

- You will **not** be eligible for payment under the proposed settlement;

- You will **not** be allowed to object to the terms of the proposed settlement, and

- You will **not** be bound by any subsequent rulings entered in this case if the proposed settlement is finally approved.

**However, if your request for exclusion is <u>late or deficient</u>, you will still be a part of the Class, you will be bound by the settlement and by all other orders and judgments in this lawsuit, and you will not be able to participate in any other lawsuits based on the claims in this case.**

### 23. IF I DON'T EXCLUDE MYSELF, CAN I SUE NEW BALANCE LATER?

**No.**  If the Court approves the proposed settlement and you do not exclude yourself from the Class, you release (give up) all claims that have been or could have been asserted in this lawsuit relating to your Toning Shoes.

<div align="center">

**QUESTIONS? VISIT www.NewBalanceSettlement.com OR CALL, TOLL-FREE, 1-866-893-0232**

</div>

## PART VIII:   OBJECTING TO THE SETTLEMENT

You have the right to tell the Court that you do not agree with the settlement or any or all of its terms.

### 24. HOW CAN I OBJECT TO THE PROPOSED SETTLEMENT?

If you choose to remain a Class Member, you have a right to object to any part of the proposed settlement.  The Court will consider your views.

To object, you must send a letter saying that you object to *Kimberly Carey, et al. v. New Balance Athletic Shoe, Inc.*, Case Number 11-cv-10001-LTS (D. Mass.) Your written objection must include:

(1) your name;

(2) your address;

(3) your telephone number;

(4) proof of purchase of Toning Shoes, such as a cash register receipt, a credit card receipt, or a credit card statement that sufficiently indicates the purchase of the Toning Shoes;

(5) a written statement of your objection(s), including any legal support and/or any supporting evidence you wish to introduce;

(6) a statement of whether you intend to appear and argue at the Fairness Hearing;

(7) your signature; and

(8) the case name and case numbers: *Kimberly Carey, et al. v. New Balance Athletic Shoe, Inc.*, Case Number 11-cv-10001-LTS (D. Mass.)

If you choose to object, in order to be considered by the Court, your written objections must be **filed with the Court, and copies must be <u>received</u> by all of the following recipients no later than [DATE]**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>**United States District Court**<br>**District of Massachusetts**<br>John Joseph Moakley U.S.<br>Courthouse<br>1 Courthouse Way<br>Boston, Massachusetts 02210 | Robert Ahdoot<br>Tina Wolfson<br>**Ahdoot & Wolfson, P.C.**<br>10850 Wilshire Blvd.<br>Suite 370<br>Los Angeles, California 90024 | R. David Hosp<br>**GOODWIN PROCTER**<br>**LLP**<br>53 State Street<br>Boston, Massachusetts 02109 |

If you file objections, but the Court approves the settlement as proposed, you can still complete a Claim Form to be eligible for payment under the settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

**QUESTIONS? VISIT <u>www.NewBalanceSettlement.com</u> OR CALL, TOLL-FREE, 1-866-893-0232**

### 25. WHAT IS THE DIFFERENCE BETWEEN "OBJECTING" AND "EXCLUDING"?

Objecting is simply a way of telling the Court that you don't like something about the settlement. You can only object if you stay in the Class.

If you object to the settlement, you still remain a member of the Class and you will still be eligible to submit a Claim Form.  You will also be bound by any subsequent rulings in this case and you will not be able to file or participate in any other lawsuit or proceeding based upon or relating to the claims, causes of action, facts, or circumstances of this case.  Excluding yourself is telling the Court that you don't want to be a part of the Class.  If you exclude yourself, you have no basis to object to the settlement and appear at the Fairness Hearing because it no longer affects you.

| PART IX:      THE COURT'S FAIRNESS HEARING |
|---|

The Court will hold a final hearing (called a Fairness Hearing) to decide whether to finally approve the settlement.  You may attend and ask to speak, but you don't have to.

### 26. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

On **[DATE]**, at **[TIME]**, the Court will hold a Fairness Hearing at the United States District Court for the District of Massachusetts, before the Honorable Leo T. Sorokin, in Courtroom 24, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

At the hearing, the Court will consider whether to grant final certification to the Class for settlement purposes, whether to approve the proposed settlement as fair, reasonable, and adequate, and will make a final ruling on all related settlement issues. The Court will also decide whether to award attorneys' fees and costs, as well as Class Representatives awards.

### 27. DO I HAVE TO COME TO THE HEARING?

No.  Class Counsel will answer questions the Court may have at the Fairness Hearing.  But you are welcome to come at your own expense.  Please note that the Court has the right to change the date and/or time of the Fairness Hearing without further notice.  If you are planning to attend the hearing, you should confirm the date and time before going to the Court.

### 28. MAY I SPEAK AT THE FAIRNESS HEARING?

Yes, if you have filed an objection, you may ask the Court for permission to speak at the hearing. To do so, you must submit an objection and also file a document called a "Notice of Intention to Appear."

### 29. WHAT DO I HAVE TO DO TO SPEAK AT THE FAIRNESS HEARING?

**QUESTIONS? VISIT www.NewBalanceSettlement.com OR CALL, TOLL-FREE, 1-866-893-0232**

If you are a member of the Class, and you (or your attorney) wants to appear and speak at the Fairness Hearing, you (or your attorney) must have submitted an objection and must file a **Notice of Intention to Appear at the Fairness Hearing** with the Clerk of the Court, and deliver that Notice to the attorneys for both sides, at the addresses listed above. **Your Notice of Intention to Appear at the Fairness Hearing must be filed and <u>received</u> by the Court, New Balance's Counsel, and Class Counsel, at the addresses specified in Question 24 no later than [DATE]**.

If you file objections and appear at the Fairness Hearing, but the Court approves the settlement as proposed, you can still complete a Claim Form to be eligible for payment under the settlement, subject to the terms and conditions discussed in this Notice and in the Settlement Agreement.

<div style="background:black;color:white;text-align:center;font-weight:bold;">PART X: GETTING ADDITIONAL INFORMATION</div>

This Notice and the accompanying documents summarize the proposed settlement. More details are contained in the Settlement Agreement. The full Settlement Agreement is on file with the Clerk of the Court. For a more detailed statement of the matters involved in this case, you may review the complaint and the other papers and Court orders on file in the Clerk's office at any time during normal business hours, Monday through Friday, 8:30 a.m. to 5:00 p.m. EDT.

If you have questions after reading this notice, you can visit **www.newbalancesettlement.com** to obtain additional information about the proposed settlement and the Claim Form or you can call, toll-free, 1-866-893-0232 to obtain additional information about the settlement. You may also direct your questions about the settlement to Class Counsel, whose names and addresses are listed in Question 20 of this Notice.

<p style="text-align:center;font-weight:bold;">PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT</p>

Dated:  **[DATE]**, 2012                                  Clerk of the Court for the United States
                                                                        District Court for the District of
                                                                        Massachusetts

## APPENDIX A

## Release And Waiver of Claims

1.      The Parties agree to the following release and waiver, which shall take effect upon entry of the Final Order and Final Judgment.

2.      In consideration for the Settlement benefits described in this Agreement, Plaintiffs and the other members of the Class, on behalf of themselves, their heirs, guardians, assigns, executors, administrators, predecessors, and/or successors, will fully, finally, and forever release, relinquish, acquit, and discharge the Released Parties from – and shall not now or hereafter institute, maintain, or assert on their own behalf, on behalf of the Class, or on behalf of any other person or entity – any and all manner of claims, actions, causes of action, suits, rights, debts, sums of money, payments, obligations, reckonings, contracts, agreements, executions, promises, damages, liens, judgments, and demands of whatever kind, type, or nature whatsoever, both at law and in equity, whether past, present, or future, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or noncontingent, whether based on federal, state, or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Class Members ever had, now have, may have, or hereafter can, shall, or may ever have against the Released Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from, or in any way whatsoever relating to the purchase of Toning Shoes during the Class Period and the claims alleged in the complaints in the Action, and, more particularly, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to the claims alleged in the complaints in the Action, including, but not limited to, communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, advertising, promotion, packaging, displays, brochures, studies, manufacture, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale, and/or resale by the Released Parties of the Toning Shoes; any claims for rescission, restitution, or unjust enrichment for all damages of any kind; violations of any state's deceptive, unlawful and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud and/or consumer protection statutes; any violation of the Uniform Commercial Code, any breaches of express, implied and/or any other warranties, any similar federal, state, or local statutes, codes, damages, costs, expenses, extra-contractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages and/or damage multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and costs against the Released Parties pertaining or relating to the claims alleged in the complaints in the Action, notwithstanding that Plaintiffs and the Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Release herein.

3.      "Released Parties" means New Balance, its past, present, and future parents (including but not limited to New Balance, Inc., and any intermediary and/or ultimate parents), officers,

directors, employees, stockholders, agents, attorneys, administrators, successors, suppliers, distributors, reorganized successors, spin-offs, assigns, holding companies, related companies, subsidiaries, affiliates, joint-ventures, partners, members, divisions, predecessors, and authorized retailers of Toning Shoes for resale, including, without limitation, New Balance U.S. Retailers, New Balance Stores, shopnewbalance.com, joesnewbalanceoutlet.com, New Balance Outlets, as well as other third-party retailers of the Toning Shoes.

4.      Notwithstanding the language in this section and/or this Agreement, the Plaintiffs and the other members of the Class are not releasing any claims of or relating to personal injury.

5.      Plaintiffs represent and warrant that they are the sole and exclusive owner of all claims that they personally are releasing under this Agreement.  Plaintiffs further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned, or encumbered any right, title, interest, or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds, or value under the Action, and that Plaintiffs are not aware of anyone other than themselves and other class members claiming any interest, in whole or in part, in the Action or in any benefits, proceeds, or values under the Action.  Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owner of all claims that they personally are releasing under the Settlement and that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned, or encumbered any right, title, interest, or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds, or value under the Action, and that such Class Member(s) are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds, or values under the Action.

6.      Without in any way limiting its scope, and, except to the extent otherwise specified in the Agreement, this Release covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, costs or any other fees, costs, and/or disbursements incurred by Plaintiffs' Counsel, or by Plaintiffs or the Class Members.

7.      Plaintiffs expressly understand and acknowledge, and all Class Members will be deemed by the Final Order and Final Judgment to acknowledge, that certain principles of law, including, but not limited to, Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  To the extent that anyone might argue that these principles of law are applicable – notwithstanding that the Parties have chosen Massachusetts law to govern this Agreement – Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Class Members.

8.      Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

9.      Plaintiffs and Defendant hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of the Agreement and shall be included in any Final Order and Final Judgment entered by the Court.

**APPENDIX B**

**Claim Form**

# APPENDIX B

EXH. 3 TO THE SETTLEMENT AGREEMENT:
FINAL ORDER (AMENDED)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY CAREY, SHANNON DILBECK, and VICTORIA MOLINAROLO, individuals, on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NEW BALANCE ATHLETIC SHOE, INC., <br><br> Defendant. | Civil Action No. 11-cv-10001-LTS |

## **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

This motion for final approval, having been brought before the Court jointly by the Parties pursuant to their Settlement Agreement, with its attached exhibits and any amendment(s) thereto (collectively, the "Settlement Agreement"), signed and filed with this Court on **[DATE]**, to settle *Kimberly Carey et al. v. New Balance Athletic Shoe, Inc.*, 11-cv-10001-LTS (D. Mass.) (the "Action"); and

The Court having entered an Order dated **[DATE]** (the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), ordering individual and publication notice to potential Class Members, scheduling a Fairness Hearing for **[DATE]**, providing potential Class Members with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement and issuing related Orders; and

The Court having held a Fairness Hearing on **[DATE]** to determine whether to grant final approval of the proposed settlement and issue related relief; and

The Court having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

1.    **Incorporation of Other Documents.**  This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Settlement Agreement, including all amendments and exhibits thereto, and definitions included therein, which was signed and filed with this Court on **[DATE]**; (b) the briefs, affidavits, declarations, and other materials filed in support of the settlement and Class Counsel's request for an award of attorneys' fees and reimbursement of expenses; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action.

2.    **Jurisdiction.**  Because due, adequate, and the best practicable notice has been disseminated and all potential Class Members have been given the opportunity to exclude themselves from or object to this class action settlement, the Court has personal jurisdiction over all Class Members (as defined below).  The Court has subject-matter jurisdiction over the claims asserted in the complaint and/or the Action pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the proposed settlement and the Settlement Agreement and all exhibits attached thereto, grant final certification to the Class, dismiss the Action on the merits and with prejudice, and issue related orders.  The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

3.    **Final Class Certification.**   The Class preliminarily certified by this Court is hereby finally certified for settlement purposes only under Fed. R. Civ. P. 23(a), (b)(3), and (c)(2), the Court finding that the Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process.   The Class shall consist of all persons or entities that purchased, any and all Toning Shoes from New Balance and/or its authorized retailers including, without limitation, New Balance U.S. Retailers, New Balance Stores, shopnewbalance.com, joesnewbalanceoutlet.com, New Balance Outlets and/or other third-party retailers, from January 1, 2010, up to and including **[DATE]** (the "Class Period").   "Toning Shoes" means New Balance's toning shoes purchased as new by Class Members during the Class Period, which are Rock&Tone, TrueBalance, and Aravon Ria, Aravon Riley, and Aravon Quinn toning shoes. Excluded from the Class are: (a) New Balance's Board members and executive-level officers, including its attorneys; (b) persons or entities who purchased the Toning Shoes primarily for the purpose of resale; (c) claims for personal injury relating to the use of Toning Shoes; (d) distributors or re-sellers of Toning Shoes; (e) the judge and magistrate judge and their immediate families presiding over the Action; (f) governmental entities; and (g) persons or entities who or which timely and properly exclude themselves from the Class as provided in the Settlement Agreement.

4.    **Requests for Exclusion**.   The Court finds that only those persons and entities for the specific Toning Shoes listed in Exhibit A to the Affidavit of _____ and filed with the Court have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Order and accompanying Final Judgment.   Class Counsel and New Balance's Counsel may mutually agree to allow additional Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

5.     **Adequacy of Representation**.   Class Plaintiffs Kimberly Carey, Shannon

Dilbeck, and Victoria Molinarolo (collectively, "Class Plaintiffs") have adequately represented

the Settlement Class for purposes of entering into and implementing the settlement.   Robert

Ahdoot and Tina Wolfson of Ahdoot & Wolfson, P.C. are experienced and adequate Class

Counsel.  Class Plaintiffs and Class Counsel have satisfied the requirements of Fed. R. Civ. P.

23(a)(4), and 23(g).

6.     **Class Notice**.  The Court finds that the dissemination of the Class Notice, the

publication of the Summary Settlement Notice, the establishment of a website containing

settlement-related materials, the establishment of a toll-free telephone number, and all other

notice methods set forth in the Settlement Agreement and the Notice Administrator's Declaration

and the notice dissemination methodology implemented pursuant to the Settlement Agreement

and this Court's Preliminary Approval Order, as described in the Notice Administrator's

Declaration, a copy of which is incorporated herein and made a part hereof:

> a.  constituted the best practicable notice to Class Members under the circumstances
>     of the Action;
>
> b.  constituted notice that was reasonably calculated, under the circumstances, to
>     apprise Class Members of: (i) the pendency of this action; (ii) the terms of the
>     proposed settlement; (iii) their rights under the proposed settlement; (iv) their
>     right to exclude themselves from the Class and the proposed settlement; (v) their
>     right to object to any aspect of the proposed settlement (including, but not limited
>     to, final certification of the settlement class, the fairness, reasonableness, or
>     adequacy of the proposed settlement, the adequacy of the Class's representation
>     by Plaintiff or Class Counsel, and/or the award of attorneys' fees); (vi) their right

4

to appear at the Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

c.   constituted notice that was reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

d.   constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

7.   **Final Settlement Approval.**   The terms and provisions of the proposed settlement and Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act (P.L. 109-2), the United States Constitution (including the Due Process Clause), and any other applicable law. The settlement is approved and all objections to the settlement are overruled as without merit. The Parties and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.  New Balance shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement.

8.   **Early Implementation.**  New Balance and Class Counsel are hereby authorized, and without requiring further approval of this Court – to implement the settlement before the

5

Final Settlement Date (as defined in the Settlement Agreement), in which case all provisions in the Settlement Agreement specifying actions to be taken on or after the Final Settlement Date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date New Balance elects to implement the settlement.

9. **Binding Effect.** The terms of the Settlement Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on Plaintiffs, New Balance and all Class Members, as well as their heirs, executors, administrators, predecessors, successors, and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release.

10. **Release.** The following Release, which is also set forth in Section VII of the Settlement Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Release:

1) In consideration for the Settlement benefits described in this Agreement, Plaintiffs and the other members of the Class, on behalf of themselves, their heirs, guardians, assigns, executors, administrators, predecessors, and/or successors, will fully, finally, and forever release, relinquish, acquit, and discharge the Released Parties from – and shall not now or hereafter institute, maintain, or assert on their own behalf, on behalf of the Class or on behalf of any other person or entity – any and all manner of claims, actions, causes of action, suits, rights, debts, sums of money, payments, obligations, reckonings, contracts, agreements, executions, promises, damages, liens, judgments and demands of whatever kind, type, or nature whatsoever, both at law and in equity, whether past, present, or future, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or noncontingent, whether based on federal, state, or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Class Members ever had, now have, may have, or hereafter

6

can, shall or may ever have against the Released Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from, or in any way whatsoever relating to the purchase of Toning Shoes during the Class Period and the claims alleged in the complaint in the Action, and, more particularly, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to the claims alleged in the complaint in the Action, including, but not limited to, communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, advertising, promotion, packaging, displays, brochures, studies, manufacture, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale, and/or resale by the Released Parties of the Toning Shoes; any claims for rescission, restitution, or unjust enrichment for all damages of any kind; violations of any state's deceptive, unlawful, and/or unfair business and/or trade practices, false, misleading, or fraudulent advertising, consumer fraud, and/or consumer protection statutes; any violation of the Uniform Commercial Code, any breaches of express, implied and/or any other warranties, any similar federal, state, or local statutes, codes, damages, costs, expenses, extra-contractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages, and/or damage multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and costs against the Released Parties pertaining to or relating to the claims alleged in the complaint in the Action, notwithstanding that Plaintiffs and the Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Release herein.

2)      Notwithstanding the language in this section and/or this Agreement, the Plaintiffs and the other members of the Class are not releasing any claims of or relating to personal injury.

3)      Plaintiffs represent and warrant that they are the sole and exclusive owner of all claims that they personally are releasing under this Agreement.  Plaintiffs further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned, or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds, or value under the Action, and that Plaintiffs are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds, or values under the Action.  Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owner of all claims that they personally are releasing under the Settlement and that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned, or encumbered any right, title, interest, or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds, or value under the

7

Action, and that such Class Member(s) are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds, or values under the Action.

4)      Without in any way limiting its scope, and, except to the extent otherwise specified in the Agreement, this Release covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, costs or any other fees, costs, and/or disbursements incurred by Plaintiffs' Counsel, or by Plaintiffs or the Class Members.

5)      Plaintiffs expressly understand and acknowledge, and all Class Members will be deemed by the Final Order and Final Judgment to acknowledge, that certain principles of law, including, but not limited to, Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable – notwithstanding that the Parties have chosen Massachusetts law to govern this Agreement – Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Class Members.

6)      Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

7)      Plaintiffs and Defendant hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of the Agreement and shall be included in any Final Order and Final Judgment entered by the Court.

11.    **Permanent Injunction.**  All Class Members and/or their representatives who have not been timely excluded from the Class are hereby permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in, continuing or receiving any benefits from, as class members or otherwise, any lawsuit (including putative class actions), arbitration, administrative, regulatory, or other proceeding in any jurisdiction that is covered by the Release.  All Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing or soliciting the participation of any Class Members who did not timely exclude themselves from

8

the Class into a separate class or group for purposes of pursuing a putative class action, any claim or lawsuit in any jurisdiction that is covered by the Release.  Pursuant to 28 U.S.C. §§ 1651 (a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

12.  **Enforcement of Settlement.**  Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the Claim Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

13.  **Attorneys' Fees and Expenses.**  Class Counsel are hereby awarded attorneys' fees and reimbursement of their disbursements and expenses in the amount of _____, which amounts are approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and are in accordance with the terms of the Settlement Agreement.  The Court finds that the above stated award of attorneys' fees is fair and reasonable in consideration of, among other things, the efforts of Class Counsel and the settlement they achieved for the Class.  The Court finds that the amount of expenses is reasonable and that the expenses were reasonably incurred in the course of the litigation.  Class Counsel, in their discretion, shall allocate and distribute this award of attorneys' fees and expenses among Plaintiffs' Counsel.  All objections to Class Counsel's request for an award of attorneys' fees and reimbursement of expenses are hereby overruled.

14.  **Incentive Awards.**  The Court hereby awards _____ to each of the named Plaintiffs, Kimberly Carey, Shannon Dilbeck, and Victoria Molinarolo, as incentive awards in their capacities as representative Plaintiffs in the Action.

9

15.   **No Other Payments.**   The preceding two paragraphs of this Final Order cover, without limitation, any and all claims against the Released Parties for attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the Release, except to the extent otherwise specified in this Final Order, and accompanying Final Judgment and the Settlement Agreement.   Plaintiffs are not precluded from seeking attorneys' fees, expenses, costs, or disbursements from an objecting Class Member or his or her counsel (and not New Balance or its counsel) in connection with an appeal filed by an objecting Class Member.

16.   **Modification of Settlement Agreement.**   The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, and all exhibits attached, as are consistent with this Final Order and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

17.   **Retention of Jurisdiction.**   The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment.   Without in any way affecting the finality of this Final Order and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

   a.   enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise

out of the Settlement Agreement, this Final Order or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment);

b.      entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Order and the accompanying Final Judgment, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

c.      entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under paragraphs 8 and 16 or as otherwise provided in the Settlement Agreement.

18.     **No Admissions.**  Neither this Final Order, the accompanying Final Judgment, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against New Balance or Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever.  Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to New Balance's denials or defenses and shall not be offered or

received in evidence in any action or proceeding against any Party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and the accompanying Final Judgment and the Settlement Agreement; provided, however, that this Final Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by New Balance or Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

19.   Dismissal of Action.  The Action (including all individual and Class claims presented therein) is hereby dismissed  with prejudice, without fees or costs to any Party except as otherwise provided in this Order and the accompanying Final Judgment and the Settlement Agreement.

_____
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

**APPENDIX C**
EXH. 4 TO THE SETTLEMENT AGREEMENT:
FINAL JUDGMENT (AMENDED)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KIMBERLY CAREY, SHANNON DILBECK, and
VICTORIA MOLINAROLO, individuals, on their
own behalf and on behalf of all others similarly
situated,

                    Plaintiffs,

    v.

NEW BALANCE ATHLETIC SHOE, INC.,

                    Defendant.

Civil Action No. 11-cv-10001-LTS

### FINAL JUDGMENT

      IT IS on this _____ day of _____, _____, HEREBY ADJUDGED AND

DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1.      The settlement of this class action on the terms set forth in the Parties' Settlement

Agreement, with exhibits and any amendment(s) thereto (collectively, the "Settlement

Agreement"), and definitions included therein, signed and filed with this Court on **[DATE]**, is

finally approved, and the following class is granted final certification for settlement purposes

only under Fed. R. Civ. P. 23(a) and (b)(3):  all persons or entities that purchased any and all

Toning Shoes from New Balance and/or its authorized retailers including, without limitation,

New Balance U.S. Retailers, New Balance Stores, shopnewbalance.com,

joesnewbalanceoutlet.com, New Balance Outlets, and/or other third-party retailers, from January

1, 2010 up to and including **[DATE]** (the "Class Period").  Excluded from the Class are: (a) New

Balance's Board members and executive-level officers, including its attorneys; (b) persons or

entities who purchased the Toning Shoes primarily for the purpose of resale; (c) claims for

personal injury relating to the use of Toning Shoes; (d) distributors or re-sellers of Toning Shoes; (e) the judge and magistrate judge and their immediate families presiding over the Actions; (f) governmental entities; and (g) persons or entities who or which timely and properly exclude themselves from the Class as provided in the Settlement Agreement. "Toning Shoes" means New Balance's toning shoes, purchased as new by Class Members during the Class Period, which are Rock&Tone, TrueBalance, and Aravon Ria, Aravon Riley, and Aravon Quinn toning shoes.

2.     The Court finds that only those persons and entities listed in Exhibit ___ to the Affidavit of _____, and filed with the Court have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Judgment and accompanying Final Order. Class Counsel and New Balance's Counsel may mutually agree to allow additional Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

3.     The Class Notice, the Summary Settlement Notice, the web site, the toll-free telephone number, and all other notices in the Settlement Agreement and the Declaration of the Notice Administrator, and the notice methodology implemented pursuant to the Settlement Agreement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Actions, the terms of the settlement, and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and the Due Process

Clause(s) of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices.

4.      All Class Members and/or their representatives who have not been timely excluded from the Class with respect to the Toning Shoes are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating (as class members or otherwise) in, or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that is covered by the Release.  In addition, all Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) that is covered by the Release.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Actions.

5.      New Balance shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court.

6.      Class Counsel shall be awarded _____ in attorneys' fees and costs, which amount is approved as fair and reasonable, in accordance with the terms of the Settlement Agreement.

8.      Each of the named Plaintiffs, Kimberly Carey, Shannon Dilbeck, and Victoria Molinarolo, shall each be awarded _____ as incentive awards in their capacity as representative Plaintiffs in the Actions.

9.      The Court will retain continuing jurisdiction over the Actions for the reasons and purposes set forth in this Court's Final Approval Order.


_____
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

# APPENDIX D

EXH. 5 TO THE SETTLEMENT AGREEMENT:
PRELIMINARY APPROVAL ORDER (AMENDED)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY CAREY, SHANNON DILBECK, and VICTORIA MOLINAROLO, individuals, on their own behalf and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>NEW BALANCE ATHLETIC SHOE, INC.,<br><br>          Defendant. | Civil Action No. 11-cv-10001-LTS |

## ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING THE CLASS SETTLEMENT, APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS, SCHEDULING A FAIRNESS HEARING, AND ISSUING RELATED ORDERS

This motion having been brought before the Court jointly by Plaintiff and New Balance Athletic Shoe, Inc. ("New Balance"); and

*Kimberly Carey et al. v. New Balance Athletic Shoe, Inc.*, 11-cv-10001-LTS, having been filed on January 3, 2011 in the United States District Court for the District of Massachusetts (the "Action"); and

The Action alleges, on behalf of a nationwide class of consumers, that New Balance violated Massachusetts Untrue and Misleading Advertising Statute (G.L. c. 266 § 91) as well as a claim for common law unjust enrichment regarding New Balance's marketing campaign relating to its toning shoes and seeking compensatory damages, declaratory relief, attorneys' fees and costs, as well as any relief the Court deems just and proper; and

The Plaintiffs filed an amended complaint that included a count alleging the violation of M.G.L. c. 93A, §§ 2 and 9; and

The Court appointed Ahdoot & Wolfson, PC as Interim Class Counsel on July 15, 2011; and

Class Counsel has conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of both defenses and liability sought in the Action; and

Class Counsel, on behalf of Plaintiffs and the other members of the Class having engaged in extensive class discovery including, but not limited to, receiving and reviewing over 40,000 pages of documents; and

The Parties having entered into a Settlement Agreement, including exhibits and amendment thereto (together, the "Settlement Agreement"), in which the Parties have agreed to settle the Action, pursuant to the terms of the Settlement Agreement, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in a final judgment and final order, pursuant to the terms and conditions of the Settlement Agreement, being issued in the Action, and dismissal of the Action with prejudice;

This Order Preliminarily Certifying A Class For Settlement Purposes, Preliminarily Approving The Class Settlement, Appointing Class Counsel, Directing The Issuance Of Notice To The Class, Scheduling A Fairness Hearing, And Issuing Related Orders shall hereafter be referred to as the "Preliminary Approval Order"; and

The Court having read and considered the Motion for Preliminary Approval and Memorandum and Supplemental Memorandum in support thereof, the Settlement Agreement,

2

and all prior proceedings herein, and good cause appearing based on the record, hereby orders as follows:

IT IS on this _____ day of _____, 2012, ORDERED, ADJUDGED, AND DECREED as follows (all capitalized terms being defined as they are defined in the Settlement Agreement unless otherwise specified or defined herein):

1.    **Stay of the Actions.**  All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of this Court.  In addition, all proceedings in the related action entitled *Kimberly Carey et al. v. New Balance Athletic Shoe, Inc.*, 1:11-cv-10632, originally filed on December 7, 2010 in the Superior Court of the State of California in the County of Los Angeles, removed to the United States District Court for the Central District of California on January 5, 2011, and transferred to the United States District Court for the District of Massachusetts by order dated April 7, 2011 (the "California Action") is also hereby stayed and suspended under further order of this Court; and

2.    **Preliminary Class Certification for Settlement Purposes Only.**  The Action is preliminarily certified as a class action for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).  The Court preliminarily finds for settlement purposes that: (a) the Class certified herein numbers at least in the thousands of persons, and that joinder of all such persons would be impracticable, (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth in paragraph 4, below, Plaintiff Carey, Plaintiff Dilbeck, Plaintiff Molinarolo, and Class Counsel are adequate representatives of the Class.  New Balance retains all rights to assert that this action may not be certified as a class action, except for settlement purposes only.

3

3.      **Class Definition**.      The Class shall consist of all persons or entities that purchased, any and all Toning Shoes from New Balance and/or its authorized retailers including, without limitation, New Balance U.S. Retailers, New Balance Stores, shopnewbalance.com, joesnewbalanceoutlet.com, New Balance Outlets, and/or other third-party retailers, from January 1, 2010 up to and including the date of the first dissemination of the Summary Settlement Notice or Class Notice, whichever is earlier.  Excluded from the Class are:  (a) New Balance's board members and executive-level officers, including its attorneys; (b) persons or entities who purchased the Toning Shoes primarily for the purpose of resale; (c) claims for personal injury relating to the use of Toning Shoes; (d) distributors or re-sellers of Toning Shoes; (e) the judge and magistrate judge and their immediate families presiding over the Action; (f) governmental entities; and (g) persons or entities who or which timely and properly exclude themselves from the Class as provided in this  Agreement. "Toning Shoes" means New Balance's toning shoes purchased as new by Class Members during the Class Period, which are New Balance's Rock&Tone, TrueBalance, Aravon Ria, Aravon Riley and Aravon Quinn toning shoes.

4.      **Class Representatives and Class Counsel.** Plaintiffs Kimberly Carey, Shannon Dilbeck, and Victoria Molinarolo are designated as representatives of the conditionally certified Class.   The Court preliminarily finds that these individuals are similarly situated to absent Class Members and therefore typical of the Class, and will be adequate Class representatives.  Robert Ahdoot and Tina Wolfson of Ahdoot & Wolfson, P.C. are experienced and adequate Class Counsel, whom the Court preliminarily finds are experienced and adequate counsel, are hereby designated as Class Counsel.

5.      **Preliminary Settlement Approval.**  Upon preliminary review, the Court finds that the Settlement Agreement and the settlement it incorporates, appear fair, reasonable

and adequate. Manual for Complex Litigation (Fourth) § 21.632 (2004). Accordingly, the Settlement Agreement is preliminarily approved and is sufficient to warrant sending notice to the Class.

      6.    **Jurisdiction.**  The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

      7.    **Fairness Hearing.**  A Fairness Hearing shall be held on _____ at _____ at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, to determine, among other things:  (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a), and (b)(3); (b) whether the settlement of the Action should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) whether a final order and final judgment should be entered in the Action pursuant to the terms of the Settlement Agreement, including a dismissal of the Action with prejudice; (d) whether Class Members should be bound by the release set forth in the Settlement Agreement; (e) whether Class Members and related persons should be subject to a permanent injunction; (f) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (g) whether the application of the named Plaintiffs for incentive awards should be approved.  The submissions of the Parties in support of the settlement, including Plaintiffs' applications for Attorneys' Fees and Expenses and incentive awards, shall be filed with the Court no later than fourteen (14) days prior to the deadline for the submission of objections and may be supplemented up to seven (7) days prior to the Fairness Hearing.

8.      **Administration.**   In consultation with and approval of Class Counsel, New Balance or its designee is hereby authorized to establish the means necessary to administer the proposed settlement and implement the Claim Process, in accordance with the terms of the Agreement.

9.      **Class Notice.**   The proposed Class Notice, Summary Settlement Notice and the notice methodology described in the Settlement Agreement and the Declaration of the Notice Administrator are hereby approved.

(a) Pursuant to the Settlement Agreement, the Court appoints Garden City Group, Inc. ("GCG") to be the Class Action Settlement Administrator and Jeanne Finegan of GCG to be the Notice Administrator to help implement the terms of the Settlement Agreement.

(b) Beginning not later than five (5) business days after entry of the Preliminary Approval Order and to be substantially completed not later than fifteen (15) days after entry of the Preliminary Approval Order and subject to the requirements of the Preliminary Approval Order, the Settlement Agreement and the Declaration of the Notice Administrator, the Notice Administrator shall commence sending the Class Notice by Electronic Mail ("E-mail") to: (i) each reasonably identifiable Class Member's last known E-mail address, reasonably obtainable from New Balance, which addresses shall be provided to the Notice Administrator by New Balance, no later than one (1) business day after the day of entry of the Preliminary Approval Order, subject to the existence of such information; and (ii) each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and shall otherwise comply with Fed. R. Civ. P. 23 and any other applicable statute, law, or rule, including, but not limited to, the Due Process Clause of the United States Constitution.

(c) The Notice Administrator shall have the publication of the Summary Settlement Notice substantially completed no later than sixty-five (65) days after entry of the Preliminary Approval Order.  The Notice Administrator shall publish the Summary Settlement Notice as described in the Declaration of the Notice Administrator and in such additional newspapers, magazines, and/or other media outlets as shall be agreed upon by the Parties.

(d) No later than thirty-five (35) days after entry of the Preliminary Approval Order, the Notice Administrator shall send the Summary Settlement Notice by First Class U.S. Mail, proper postage prepaid, to each Class Member whose E-mail address returned a message as undeliverable, subject to the existence of such information as provided by New Balance pursuant to Section IV.B.1.a of this Agreement. The Notice Administrator shall: (a) re-mail any Summary Settlement Notices returned by the United States Postal Service with a forwarding address that are received by the Notice Administrator no later than fifty (50) days after entry of the Preliminary Approval Order; (b) by itself or using one or more address research firms, as soon as practicable following receipt of any returned Summary Settlement Notices that do not include a forwarding address, research any such returned mail for better addresses and promptly mail copies of the Summary Settlement Notices to the better addresses so found.

(e) Prior to the dissemination of the Class Notice as set forth above in paragraphs 9(a) to 9(d), the Notice Administrator shall establish an Internet website, www.newbalancesettlement.com, that will inform Class Members of the terms of this Agreement, their rights, dates and deadlines, and related information.  The web site shall include, in PDF format, materials agreed upon by the Parties and as further ordered by this Court.

(f) Prior to the dissemination of the Class Notice as set forth above in paragraphs 9(a) to 9(d), the Notice Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Class Members.

(g) The Notice Administrator shall timely disseminate any remaining notice, as stated in the Settlement Agreement and/or the Declaration of the Notice Administrator.

(h) Not later than ten (10) days before the date of the Fairness Hearing, the Notice Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details outlining the scope, methods, and results of the notice program.

10.   **Findings Concerning Notice.**   The Court finds that the notices described in Paragraph 9 of this order: (a) constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e) and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

11.   **Exclusion from Class.**   Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion stating such a request for exclusion and

containing the information set forth in the Class Notice, postmarked no later than ninety-five (95) days after entry of the Preliminary Approval Order, or as the Court otherwise may direct, to the Notice Administrator, in care of the address provided in the Class Notice.  The Notice Administrator shall forward copies of any written requests for exclusion to Class Counsel and New Balance's Counsel.  A list reflecting all requests for exclusion shall be filed with the Court by the Notice Administrator no later than ten (10) days before the Fairness Hearing.  If the proposed settlement is finally approved, any Class Member who has not submitted a timely written request for exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in the Action, even if the Class Member previously initiated or subsequently initiates against any or all of the Released Parties any litigation or other proceeding encompassed by the Release and the claims released in the Settlement Agreement.  Persons who properly exclude themselves from the Class shall not be entitled to participate in the benefits of the Settlement Agreement.  New Balance's Counsel shall provide to the Notice Administrator, within ten (10) business days of the entry of the Preliminary Approval Order, a list of all counsel for anyone who has litigation against New Balance that involves the Toning Shoes.  The Notice Administrator shall mail copies of the Class Notice to all such legal counsel.  New Balance will promptly direct the Notice Administrator to serve the Class Notice on counsel for any Class Members who subsequently initiate litigation, arbitration, or other proceedings against New Balance relating to claims alleging events occurring during the Class Period, the Toning Shoes, and/or otherwise involving the Release.

        12.  **Objections and Appearances.**  Any Class Member or counsel hired at any Class Member's own expense who complies with the requirements of this paragraph may object to any aspect of the proposed settlement.

(a) Any Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the proposed Settlement, the award of Attorneys' Fees and Expenses, or the individual awards to Plaintiffs, must deliver to the Class Counsel identified in the Class Notice and to New Balance's Counsel, and file with the Court, no later than ninety-five (95) days after entry of the Preliminary Approval Order, a written statement of objections, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence or other information the Class Member wishes to introduce in support of the objections, a statement of whether the Class Member intends to appear and argue at the Fairness Hearing, and list the Class Member's purchase(s) of either Toning Shoes, or be forever barred from so objecting. The objection must include proof of purchase of the Toning Shoes. Acceptable proof of purchase includes a cash register receipt, a credit card receipt or a credit card statement that sufficiently indicates the purchase of the Toning Shoes.

(b) Any Class Member who files and serves a written objection, as described above, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses or awards to the individual Plaintiffs. Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to one of the Class Counsel identified in the Class Notice and to New Balance's Counsel, and file said notice with the Court, no later than ninety-five (95) days after entry of the Preliminary Approval Order. Any Class Member who fails to comply with the provisions in this section shall

waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the Release in the Settlement Agreement in the California Action and the Massachusetts Action.

(c)     Any interested party may file a reply to any written objection, as described in Section 12.a. herein. A reply to an objection must be served and filed no later than seven (7) days before the Fairness Hearing.

13.     **Preliminary Injunction.**  All Class Members and/or their representatives who do not timely exclude themselves from the Class are hereby preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as class members, putative class members, or otherwise against New Balance (or against any of its related parties or affiliates), and/or from receiving any benefits from, any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, based on or relating to the claims or causes of actions or the facts, and circumstances relating thereto, relating to the Toning Shoes, the Action, and/or the Release.  In addition, all such persons are hereby preliminarily barred and enjoined from filing, commencing, or prosecuting a lawsuit against New Balance (or against any of its related parties or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on or relating to the claims, causes of action, facts, and/or circumstances relating thereto, relating to the Toning Shoes, the Action and/or the Release.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this

preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this Action.

14.     **Post-Office Box(es).**   The Notice Administrator or their designated agent(s) shall rent one or more post-office boxes in the name of the Clerk of the Court, to be used for receiving requests for exclusion from the Class and any other communications.   Other than the Court or the Clerk of Court and the Notice Administrator, only New Balance, New Balance's Counsel, Class Counsel, and their designated agents shall have access to these post-office box(es).

15.     **Disclosure of Objections.**   The Notice Administrator, New Balance's Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

16.     **Termination of Settlement.**   This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; (b) the settlement is terminated in accordance with the Settlement Agreement; or (c) the settlement does not become effective as required by the terms of the Settlement Agreement for any other reason.   In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

17.     **Use of Order.**   This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession, or

12

declaration by or against New Balance of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in these Action or in any other lawsuit.

18. **Access to Documents**. During the pendency of this Court's consideration of the proposed Settlement Agreement, if Class Members and/or their attorneys file a motion for discovery and such motion is granted for good cause shown and under the applicable standards, such persons shall not be given access to these materials unless and until they enter into the Confidentiality Agreement, which is attached as Exhibit 9 to the Settlement Agreement. The terms and conditions of the Confidentiality Agreement are incorporated herein by reference and if breached may be the basis for a finding of contempt of Court.

19. **Retaining Jurisdiction.** This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

20. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice.

_____
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

# APPENDIX E

EXH. 7 TO THE SETTLEMENT AGREEMENT:
SETTLEMENT CLAIM PROCEDURES AND CLAIM CALCULATION PROTOCOL (AMENDED)

**Settlement Claim Procedures and Claim Calculation Protocol**

This Settlement Claim Procedures and Claim Calculation Protocol (the "Protocol") are part of the Settlement Agreement and any amendment(s) thereto (together, the "Agreement") and shall be used by the Class Action Settlement Administrator to review, address, implement, and process those Claims submitted pursuant to the Agreement and otherwise implement the terms of the Claim Process in the Agreement.  All capitalized terms used in this Protocol shall have the same meaning given them in the Agreement.

1.   **Class Action Settlement Administrator's Role and Duties**

   (a)   The Class Action Settlement Administrator shall be selected by the agreement of the Parties and recommended to and approved by the Court.

   (b)   The Class Action Settlement Administrator must consent, in writing, to serve and shall abide by the obligations of the Agreement, this Protocol, and the Orders issued by the Court.

   (c)   The Class Action Settlement Administrator shall coordinate with the Escrow Agent regarding the Escrowed Funds.  However, the Class Action Settlement Administrator shall have no authority, under any circumstance, to withdraw or disburse any Escrowed Funds.  Distribution of any Escrowed Funds shall occur only upon written instructions of New Balance, which may authorize New Balance's Counsel.

   (d)   The Class Action Settlement Administrator shall have access to information about the balance in the Escrowed Funds to perform calculations relating to: (i) the costs and expenses associated with disseminating the notice, including, but not limited to, the Class Notice and the Summary Settlement Notice, to the Class; (ii) the costs and expenses associated with claims administration; and (iii) timely, valid, and approved Claims submitted by Class Members pursuant to the Claim Process.

   (e)   The Class Action Settlement Administrator warrants that it knows of no reason why it cannot fairly and impartially administer the Claim Process set forth in the Agreement.  The Class Action Settlement Administrator shall not process the Claim of any Class Member if the Class Action Settlement Administrator, New Balance, and/or Class Counsel determines there is a conflict of interest.  If the Class Action Settlement Administrator, New Balance, or Class Counsel learns of a conflict of interest as to a Claim, that party shall give written notice to the other parties, who shall resolve any such circumstances by further written agreement.  Any unresolved dispute over such conflict of interest shall be submitted to the Court for resolution.  The Class Action Settlement Administrator shall indemnify and defend the Parties and their counsel against any liability arising from the Class Action Settlement Administrator's breach of this provision.

   (f)   The Class Action Settlement Administrator shall keep a clear and careful record of all communications with Claimants, all claims decisions, all expenses, and all tasks performed in administering the Claim Process.

(g)     The Class Action Settlement Administrator shall provide periodic updates to Class Counsel and New Balance regarding Claim Form submissions beginning not later than one week before the Fairness Hearing date and continuing on a weekly basis thereafter.

(h)     As provided in Section III.A.2 of the Agreement, the first $500,000 in actual cost of the Class Action Settlement Administrator shall be paid by New Balance. Thereafter, from time to time, as determined by submitted and approved invoices from the Escrowed Funds, with any remaining balance paid after the conclusion of the Claim Period and/or the payments to eligible Claimants.

(i)     The Class Action Settlement Administrator shall take all reasonable efforts to administer the Claims efficiently and avoid unnecessary fees and expenses.  The Class Action Settlement Administrator shall only be reimbursed for fees and expenses supported by detailed and clear timesheets and receipts for costs.  As soon as work commences, the Class Action Settlement Administrator shall provide a detailed written accounting of all fees and expenses on a monthly basis to Class Counsel and New Balance's Counsel, and shall respond promptly to inquiries by Class Counsel and New Balance's Counsel concerning fees and expenses.

(j)     The Parties are entitled to observe and monitor the performance of the Class Action Settlement Administrator to assure compliance with the Agreement and this Protocol.  The Class Action Settlement Administrator shall promptly respond to all inquiries and requests for information made by New Balance, its counsel, or Class Counsel.

2.     **Locating, Obtaining, and Submitting Claim Forms**

(a)     The Claim Form, which is substantially similar to the form attached as Exhibit 1 to the Agreement, shall be available as part of the Class Notice, on the Internet website at www.newbalancesettlement.com, or by contacting by telephone or by mail or other similar delivery service the Class Action Settlement Administrator and/or Notice Administrator.  The Claim Form on the Internet website and the hard copy Claim Form shall be identical in content.

(b)     The Claim Form shall advise Class Members that, upon request, the Class Action Settlement Administrator has the right to request verification of the purchase of Toning Shoes, including, but not limited to, receipt(s) or other documentation demonstrating purchase of any and all of the Toning Shoes during the Class Period.  If the Class Member does not timely comply and/or is unable to produce documents to substantiate and/or verify the information on the Claim Form and the Claim is otherwise not approved, the Claim may be reduced or denied.

(c)     Class Members may submit a Claim to the Class Action Settlement Administrator during the Claim Period.  As part of the Claim Process, Class Members shall be eligible for the relief provided in the Agreement, provided Class Members

complete and timely submit the Claim Form to the Class Action Settlement Administrator within the Claim Period, subject to the terms herein and in the Agreement.

(d)     Claims may be submitted by completing the Claim Forms in hard copy by mail or other similar delivery service or on-line through a web-based Claim Form at the Internet website, www.newbalancesettlement.com.

(e)     The Class Action Settlement Administrator and/or Notice Administrator shall establish and maintain an Internet website, www.newbalancesettlement.com, that shall be easily accessible through commonly used Internet Service Providers for the submission of claims.  The Internet website shall be designed to permit Class Members to readily and easily submit Claims and obtain information about the Class Members' rights and options under the Agreement.  The Internet website shall be maintained continuously until the end of the Claim Period.  The Class Action Settlement Administrator shall be solely responsible for receiving and processing requests for Claim Forms and for promptly delivering Claim Forms to the Class Members who request them.

(f)     The Class Action Settlement Administrator also shall establish a toll-free telephone number that will have recorded information answering frequently asked questions about certain terms of the Settlement, including, but not limited to, the Claim Process and instructions about how to request a Claim Form and/or Class Notice as well as an option to reach a live operator.

3.     **Claim Form Review and Processing**

(a)     The Class Action Settlement Administrator shall begin the Claim Process so that it is completed within the time period specified in the Agreement.  Except as provided in Paragraph 3(b)(iii) (below), Class Members must submit their Claims so that they are postmarked or submitted online no later than the end of the Claim Period.

(b)     The Class Action Settlement Administrator shall gather, review, prepare, and address the Claim Forms received pursuant to the Claim Process and the Agreement.

(i)     Claims that have been properly submitted shall be designated as Approved Claims.  The Class Action Settlement Administrator shall examine the Claim Form before designating the Claim as an Approved Claim, to determine that the information on the Claim Form is reasonably complete. In determining whether a Claim Form is reasonably complete, the Class Action Settlement Administrator shall consider what an ordinary person would be able to complete on the Claim Form, and shall readily deem a Claim as an Approved Claim provided a sufficient amount of money is available in the Escrowed Funds to pay all properly completed Claim Forms and all fees and costs that are permitted to be deducted from the

Escrowed Funds pursuant to Section III.A.2 of the Agreement and sufficient information is provided on the Claim Form to enable the mailing of the settlement payment to the Claimant.

(ii)     No Claimant may submit more than one Claim Form for each pair of Toning Shoes owned by the Claimant, and two or more Claimants may not submit Claim Forms for all or part of the same purchase. The Class Action Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Claimant ("Duplicative Claim Forms"). The Class Action Settlement Administrator shall determine whether there is any duplication of Claims, if necessary by contacting the Claimant(s) or their counsel. The Class Action Settlement Administrator shall designate any such Duplicative Claims as rejected Claims to the extent they allege the same damages or allege damages on behalf of the same Claimant.

(iii)    The Class Action Settlement Administrator shall, in its discretion or pursuant to the joint instructions of the Parties, decide whether to accept Claim Forms submitted after the Claim Period. In deciding whether to accept a late-submitted Claim Form, the Class Action Settlement Administrator shall take into account whether enough money exists in the Escrowed Funds to pay all valid and timely submitted claims in full, including, but not limited to, any adjustments made pursuant to Section III.C in the Agreement, and the length of time the Claim Form was submitted after the close of the Claim Period, including, but not limited to, whether the late-submitted Claim would delay the distribution of the Escrowed Funds to Claimants and the reason(s) for the late submission of the Claim Form. Whenever reasonably possible, if a Claim Form is valid but untimely, it shall be paid provided the Escrowed Funds are sufficient to pay in full all valid and timely submitted Claims and applicable fees and costs. In the event the Class Action Settlement Administrator determines that the late-submitted Claim Form is materially incomplete, but may be cured by the Claimant, the Class Action Settlement Administrator shall contact the Claimant to cure any deficiency with the late-submitted Claim Form, if reasonably practical and if the Parties agree.

(iv)    The Class Action Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim Process. The Class Action Settlement Administrator may, in its discretion, deny in whole or in part any Claim to prevent actual or possible fraud or abuse.

(v)     By agreement of the Parties, the Parties can instruct the Class Action Settlement Administrator to take whatever steps they deem appropriate to preserve the Escrowed Funds to further the purposes of the Agreement if the Class Action Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not

limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse.

(c)   The Class Action Settlement Administrator shall provide periodic reports to Class Counsel, New Balance's Counsel, and a representative of the Commission regarding the implementation of the Agreement and this Protocol.  To the extent a review of individual Claim Forms is needed, such review should be limited to Class Counsel and a representative of the Commission.

   (i)   For those claims where the amount sought by the Class Member exceeds $200.00, the Class Action Settlement Administrator may review timely submitted Claim Forms and approve or contest any of the Claims, including, but not limited to, requesting that the Class Member submit a receipt demonstrating purchase of the Toning Shoes during the Class Period.  Failure to timely or fully respond to a deficiency letter from the Class Action Settlement Administrator may result in a reduction or denial of the Class Member's Claim, unless New Balance, Class Counsel, and a representative of the Commission otherwise agree.

   (ii)   Upon agreement of the Parties, if the total amount of Claims submitted by all Class Members exceeds the available relief as specified in Sections III.A.2 and III.C of the Agreement and/or Section 4(d) of the Protocol, then the Class Action Settlement Administrator may request proof of purchase for some or all of the Claims.

   (iii)   If a Claim Form is not contested, that Claim shall be processed for payment by the Class Action Settlement Administrator.  If a Claim Form is contested, including but not limited to, requesting supporting documentation, the Class Action Settlement Administrator shall promptly notify the Parties and mail a letter that advises the Claimant of the reason(s) why the Claim Form was contested and request, if applicable, any and all additional information and/or documentation, to validate the Claim and have it submitted for payment.  The additional information and/or documentation can include, for example, receipts evidencing purchase of the Toning Shoes and/or the payment amount.  The Claimant shall have thirty-five (35) days from the date of the postmarked letter sent by the Class Action Settlement Administrator to respond to the request from the Class Action Settlement Administrator and the Claimant shall be so advised.

      (A)   In the event the Claimant timely provides the requested information and/or documentation, the Claim shall be deemed validated and shall be processed by the Class Action Settlement Administrator for payment.

      (B)   In the event the Claimant does not timely and completely provide the requested information and/or documentation, the Class Action

5

Settlement Administrator shall send the Claimant a letter stating that the Claim has been reduced or denied unless New Balance and Class Counsel otherwise agree.

(d)     The Class Action Settlement Administrator's reduction or denial of a Claim pursuant to paragraph 3(c)(iii) above is final and may not be appealed by the Claimant, Class Counsel, New Balance, or New Balance's Counsel.  However, if a Claimant's Claim is reduced or denied because the Class Action Settlement Administrator determined that the documentation submitted to support Claimant's Claim was not sufficient to prove up the Claim, the Class Action Settlement Administrator shall provide a report to Class Counsel and New Balance's Counsel who shall meet and confer in an attempt to resolve these deficient Claims.  If Class Counsel reasonably recommends payment of the Claim or payment of a reduced claim amount and New Balance agrees (and New Balance's agreement shall not be unreasonably withheld), then Class Counsel shall instruct the Class Action Settlement Administrator to pay those Claims.  Class Counsel may petition the Court in the event New Balance's agreement is unreasonably withheld.

(e)     The Class Action Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Class Action Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or New Balance.

4.     **Claim Calculation and Payment of Valid Claims**

(a)     As specified in Section III of the Agreement, the Class Action Settlement Administrator shall select the timely, valid, and approved Claims submitted pursuant to the Claim Process to be paid from the Escrowed Funds (i) minus any payments or expected payments for the costs and expenses associated with disseminating the notice, including, but not limited to, the Class Notice and the Summary Settlement Notice, to the Class and the costs and expenses associated with claims administration pursuant to the terms and conditions of the Agreement; and/or (ii) subject to any pro rata adjustments.

(b)     The Class Action Settlement Administrator shall begin to pay timely, valid, and approved Claims not before ten (10) days after the close of the Claim Period, so long as this period is after the Final Settlement Date, or sooner upon New Balance and Plaintiffs' Counsel's joint discretion, but not before the issuance of the Court's Final Order and Final Judgment approving the Settlement.  In the event the Final Settlement Date falls after the close of the Claim Period, then the Class Action Settlement Administrator shall begin to pay timely, valid, and approved Claims commencing ten (10) days after the Final Settlement Date.  Not later than one hundred twenty (120) days after either the occurrence of the Final Settlement Date or the close of the Claim Period, whichever is later, the Class Action Settlement Administrator shall have completed the payment to Class Members who have submitted timely, valid and approved Claims pursuant to the Claim

Process, <u>provided, further however,</u> that New Balance and Plaintiffs' Counsel may, at their joint discretion, commence this payment period after final approval of the settlement by the Court, but before the attainment of the Final Settlement Date.

(c)     The relief to be provided to eligible Class Members shall be as follows:

| Item | Initial Amount | Maximum |
|------|---------------|---------|
| All Toning Shoes | $50.00 | Not more than $100.00 |

Applicable Toning Shoes purchase price, sales taxes, and/or shipping charges paid by Class Members shall not be used to calculate the relief percentages relating to the purchase of the Toning Shoes.

(d)     <u>Adjustments and Remaining Funds</u>

   (i)     If the total of the timely, valid, and approved Claims submitted by Class Members exceeds the available relief, minus any fees and costs set forth in the Agreement, each eligible Class Member's award shall be reduced on a <u>pro rata</u> basis.

   (ii)     If the total of the timely, valid, and approved claims submitted by Class Members is less than the available relief, minus any fees and costs set forth in the Agreement, each eligible Class Member's award shall be increased on a <u>pro rata</u> basis, with a maximum increase of up to, but not more than, the Maximum amount stated in the chart in Paragraph 4(c) above, not including any applicable sales taxes.

   (iii)     If there are any funds remaining from the Claim Process, including, but not limited to, uncashed distributions made payable to eligible Class Members, any remaining funds shall be distributed to the following non-profit organizations as follows:  fifty percent (50%) to Diabetes Research & Wellness Foundation (http://www.diabeteswellness.net), twenty-five percent (25%) to American Cancer Society (http://www.cancer.org) to be used exclusively for charitable purposes relating to breast cancer, and twenty-five percent (25%) to American Heart Association (www.heart.org), and/or other nonprofit organization(s) or foundation(s) that are agreed upon by the Parties.  Such funds will not be returned to New Balance.

# APPENDIX F
EXH. 7 TO THE SETTLEMENT AGREEMENT:
CONFIDENTIALITY AGREEMENT (AMENDED)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KIMBERLY CAREY, SHANNON DILBECK, and VICTORIA MOLINAROLO, individuals, on their own behalf and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>NEW BALANCE ATHLETIC SHOE, INC.,<br><br>       Defendant. | Civil Action No. 11-cv-10001-LTS |

**CONFIDENTIALITY AGREEMENT FOR DISCOVERY**
**MATERIALS MADE AVAILABLE TO CLASS MEMBERS**

Pursuant to the Settlement Agreement and all of its attached exhibits and amendment(s) thereto (together, the "Settlement Agreement"), which are incorporated herein by reference, including, but not limited to, this Confidentiality Agreement for Discovery Materials Made Available to Class Members ("Confidentiality Agreement"), it is hereby stipulated and agreed, by and between the undersigned, as follows:

1.  Pursuant and subject to the Court's Order, New Balance will provide the undersigned Class Member(s) and/or counsel retained at those Class Member(s)' expense and/or certain other persons identified in Paragraph 6 (below) with access to documents New Balance disclosed to Class Counsel in the course of discovery in this Action.

2.  The following documents and materials to be reviewed pursuant to this Confidentiality Agreement shall be deemed "Confidential Information." "Confidential Information" shall be limited to:

    (a)  the design, initiative, development, scientific studies, and research relating to the Eligible Shoes;

(b)      sales and accounting records relating to the Eligible Shoes;

(c)      marketing, advertising, media and public relations materials relating to the Eligible Shoes;

(d)      intercompany and intracompany communications relating to the information above; and

(e)      related information and materials.

In addition, any and all notes, memoranda, or dictation that copies, reproduces, reflects, incorporates, or otherwise refers to the Confidential Information made by any person afforded access to Confidential Information pursuant to this Confidentiality Agreement shall be treated as, and deemed to be, Confidential Information as well.

3.      All Confidential Information to which the undersigned and/or certain other persons identified in Paragraph 6 (below) are given access is subject to this Confidentiality Agreement, and such Confidential Information shall not be used or disclosed to anyone or in any manner, except as provided herein.

4.      The undersigned and/or certain other persons identified in Paragraph 6 (below) specifically certify(ies) that he/she/they shall use the Confidential Information solely for purposes of evaluating the fairness, reasonableness, and adequacy of the proposed settlement in this Action and for no other purpose.   In particular and without limitation, Confidential Information provided pursuant to this Confidentiality Agreement shall not be used: (a) in the litigation of this Action, should the Parties not reach a settlement and/or in the Other Actions[1]; (b) in the litigation of this Action, if the Court should fail to approve the proposed settlement for any reason, or if any appellate court should reverse an order of this Court approving the proposed

---

[1]   "Other Actions" means *Whitney Stagg and Jennifer Vaughn v. New Balance Athletic Shoe, Inc.*, CV11-241-2 (Arkansas Circuit Court, Washington County) and *Elizabeth L. Tuberville v. New Balance Athletic Shoe, Inc.*, CV-2011-023-6 (Arkansas Circuit Court, Ouachita County).

2

settlement and/or the Other Actions; and/or (c) in any other litigation, arbitration, or other judicial or administrative proceeding, including, without limitation, in the investigation or preparation of any such proceeding, and/or the Other Actions.

5.      The undersigned and/or certain other persons identified in Paragraph 6 (below) may inspect the Confidential Information by prior appointment at a time during regular business hours and at a location designated by Class Counsel.  Duplication of documents or materials containing Confidential Information shall not be permitted, except for documents that the undersigned Class Member(s) and/or their counsel represent to the Court that they need to duplicate for the Court in support of a point of objection.  The cost of any duplication shall be borne by the requesting Class Member or their counsel.  Any such documents shall be filed under seal with the Court, labeled, "Confidential – Subject to Protective Order," and shall be delivered to the Clerk of the Court in an envelope bearing the notation, "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBMITTED UNDER SEAL PURSUANT TO COURT ORDER."  However, in the course of inspecting the Confidential Information, the undersigned Class Member(s) and/or certain other persons identified in Paragraph 6 (below) shall be permitted to make a reasonable amount of notes reflecting their review of Confidential Information, which shall also be treated as Confidential Information.

6.      Access to Confidential Information shall be subject to the protective order entered in this case and limited to those persons who are working directly on the Class Member's behalf, to whom it is necessary that the Confidential Information be disclosed and who are:

     a.  the undersigned Class Member(s);

     b.  their undersigned counsel;

3

    c.  employees of such counsel assigned to and necessary to assist such counsel in evaluating the proposed settlement; and

    d.  consultants or experts, to the extent necessary to assist the undersigned Class Member(s) and/or their counsel in evaluating the proposed settlement.

7.    Any person given access to Confidential Information shall be advised, prior to being granted access, of the terms of this Confidentiality Agreement and of the Court's Protective Order and shall thereby become bound by their terms, including without limitation, the requirement that such Confidential Information may not be disclosed to any person other than those described in Paragraph 6 (above).  In addition, access to Confidential Information shall not be provided to any person described in Subparagraphs 6.c or 6.d of this Confidentiality Agreement until and unless such person has executed an undertaking in the form attached hereto as Exhibit A.  The individual who provides access to Confidential Information to such person shall retain the executed undertaking and shall provide a copy of it to Designated Class Counsel and to New Balance's Counsel.

8.    By providing access to Confidential Information, no party to this Action shall be deemed to have waived any claim that such information is privileged, confidential, or protected from discovery as attorney work product, nor shall any party use this Confidentiality Agreement as an admission or concession that the Confidential Information is relevant, material, responsive, admissible, or otherwise discoverable in any pending or future litigation or judicial or administrative proceeding.  The undersigned Class Member(s) and/or certain other persons identified in Paragraph 6 (above) agree that they, or any of them, shall not contend or otherwise take the position in this or in any other pending or future litigation or judicial or administrative

4

proceeding that any party has waived the attorney-client privilege and/or the protection of the attorney work product doctrine, or any other privilege or protective doctrine, with regard to Confidential Information.

9.      The terms of this Confidentiality Agreement shall survive the termination of this Action and/or the Other Actions.  At the earlier of: (a) the conclusion of any or all appeals of the Final Order and/or Final Judgment approving the proposed settlement, or (b) such time as the parties terminate their Settlement Agreement, all persons having received Confidential Information shall either return such material and all copies thereof (including notes and other records containing or reflecting Confidential Information) to New Balance's Counsel or shall destroy such material.  New Balance reserves the right to demand written certification of destruction from any person who has been given access to Confidential Information.

10.      The terms of this Confidentiality Agreement shall be enforceable by any aggrieved party, including any party to this Action.  The undersigned and/or other persons identified in Paragraph 6 (above) agree(s) that, if he/she/they fail to comply with this Confidentiality Agreement, New Balance may suffer irreparable harm that may not be adequately compensated for by monetary damages alone.  Any breach of the terms of this Confidentiality Agreement shall give rise to any and all applicable legal and equitable remedies for enforcement of the Confidentiality Agreement and/or relief, including, without limitation, injunctive relief and/or damages, for its breach, in addition to any other remedies available at law.

11.      Pursuant to the Court's Preliminary Approval Order incorporating this Confidentiality Agreement, any breach of the terms of this Confidentiality Agreement shall constitute a violation of the Court's Preliminary Approval Order and may result in an order of

contempt of Court and/or other sanctions, upon application to the Court by any party aggrieved by such violation, including any party to this Action.  The undersigned and/or certain other persons identified in paragraph 6 below consent to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of interpretation and enforcement of the terms of this Confidentiality Agreement.

12.     Any dispute over the meaning or interpretation of this Confidentiality Agreement shall be governed by the laws of the Commonwealth of Massachusetts, disregarding any conflicts-of-law provisions.

13.     The undersigned Class Member(s) and/or their counsel agree(s) to notify Class Counsel and New Balance's Counsel immediately: (a) of any disclosure of Confidential Information in violation of this Confidentiality Agreement and or the Court's Preliminary Approval Order, even if inadvertent; and (b) if any person granted access to the Confidential Information under this Confidentiality Agreement is served with or otherwise receives a subpoena, summons, court order, request, or application requiring disclosure of Confidential Information.   In any such instance, the undersigned Class Member(s) and/or their counsel agree(s): (a) not to oppose New Balance's efforts to prevent the disclosure of the Confidential Information; and (b) not to surrender the Confidential Information to any third party without the consent of New Balance or except by the final order of a court with competent jurisdiction.

14.     The notice required in Paragraph 13 of this Confidentiality Agreement must be provided by e-mail and overnight delivery service to:

R. David Hosp
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231
E-Mail:  rhosp@goodwinprocter.com

Robert Ahdoot
Tina Wolfson
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024
Tel.:  310-474-9111
Fax:  310-474-8585
E-Mail:  rahdoot@ahdootwolfson.com
            twolfson@ahdootwofson.com

15.    No waiver by any party hereto of any breach of any term or condition of this Confidentiality Agreement shall be deemed a waiver of a similar or dissimilar term or condition.

16.    The waiver by one party of any breach of this Confidentiality Agreement by another party shall not be deemed a waiver of any prior or subsequent breach of this Confidentiality Agreement.

17.    The undersigned certify(ies) and agree(s) that he/she/they: (a) has read, understands, consents, accepts, and agrees to be bound by the terms of this Confidentiality Agreement and the Preliminary Approval Order and by the terms of any future Orders of the Court concerning the information he/she shall receive; and (b) shall use the Confidential Information solely for the purposes of evaluating the fairness, reasonableness, and adequacy of the proposed settlement in this Action and for no other purpose.

18.    This Confidentiality Agreement may be executed in one or more counterparts, each of which shall constitute a duplicate original.

Dated: _____

COUNSEL, INDIVIDUALLY AND ON BEHALF
OF THE CLASS MEMBER(S):

_____   [Signature]

_____   [Print Name]

_____   [Firm Name]

_____   [Print Name of Class Member(s)]

_____   [Address and Telephone Number]

THE CLASS MEMBER(S):

_____   [Signature]

_____   [Print Name]

_____   [Address and Telephone Number]

**EXHIBIT A TO THE CONFIDENTIALITY AGREEMENT**

The undersigned hereby certifies that he/she understands, consents and acknowledges that Confidential Information is being provided to him/her pursuant to the terms and restrictions of the Settlement Agreement preliminarily approved by the United States District Court for the District of Massachusetts (the "Court") in Kimberly Carey et al. v. New Balance Athletic Shoe, Inc., Civil Action No. 11-cv-10001-LTS, and by the Court's Preliminary Approval Order.  The undersigned also certifies that he/she has been provided with the Confidentiality Agreement, has read, understands, consents, accepts and agrees to be bound by its terms.

The undersigned acknowledges that breach of the Confidentiality Agreement shall be actionable by any aggrieved party, including any party to the aforementioned Action, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement of the Stipulation and/or relief, including damages, for its breach.  The undersigned also acknowledges that breach of the Stipulation will violate the Court's Order and may subject the undersigned to an order of contempt of Court or other sanctions, upon application to the Court by any party aggrieved by such violation, including any party to the aforementioned Action.  The undersigned hereby subjects himself/herself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Stipulation and/or the Preliminary Approval Order.

Dated:_____, _____

By: _____

Print Name: _____