UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KIMBERLY CAREY, SHANNON DILBECK, and VICTORIA MOLINAROLO, individuals, on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

v.

NEW BALANCE ATHLETIC SHOE, INC.,

Defendant.

Civil Action No. 11-cv-10001-LTS

## FINAL JUDGMENT

IT IS on this 28th day of January, 2013, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The settlement of this class action on the terms set forth in the Parties' Settlement Agreement, with exhibits and any amendments thereto (collectively, the "Settlement Agreement"), and definitions included therein, initially signed and filed with this Court on July 30, 2012, is finally approved, and the following class is granted final certification for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3): all persons or entities that purchased any and all Toning Shoes from New Balance and/or its authorized retailers including, without limitation, New Balance U.S. Retailers, New Balance Stores, shopnewbalance.com, joesnewbalanceoutlet.com, New Balance Outlets, and/or other third-party retailers, from January 1, 2010 up to and including August 29, 2012 (the "Class Period"). Excluded from the Class are: (a) New Balance's Board members and executive-level officers, including its attorneys; (b) persons or entities who purchased the Toning Shoes primarily for the purpose of resale; (c)

claims for personal injury relating to the use of Toning Shoes; (d) distributors or re-sellers of Toning Shoes; (e) the judge and magistrate judge and their immediate families presiding over the Actions; (f) governmental entities; and (g) persons or entities who or which timely and properly exclude themselves from the Class as provided in the Settlement Agreement. "Toning Shoes" means New Balance's toning shoes, purchased as new by Class Members during the Class Period, which are Rock&Tone, TrueBalance, and Aravon Ria, Aravon Riley, and Aravon Quinn toning shoes.

2. The Court finds that only those persons and entities listed in Exhibit "A" to the Affidavit of ~~Lori Castaneda~~ *Jennifer Keough* of the Garden City Group, and filed with the Court have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Judgment and accompanying Final Order. Class Counsel and New Balance's Counsel may mutually agree to allow additional Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

3. The Class Notice, the Summary Settlement Notice, the web site, the toll-free telephone number, and all other notices in the Settlement Agreement and the Declaration of the Notice Administrator, and the notice methodology implemented pursuant to the Settlement Agreement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Actions, the terms of the settlement, and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and the Due Process

Clause(s) of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. All Class Members and/or their representatives who have not been timely excluded from the Class with respect to the Toning Shoes are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating (as class members or otherwise) in, or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that is covered by the Release. In addition, all Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) that is covered by the Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Actions.

5. New Balance shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court.

6. Class Counsel shall be awarded $ 950,000.00 in attorneys' fees and costs, which amount is approved as fair and reasonable, in accordance with the terms of the Settlement Agreement.

8. Each of the named Plaintiffs, Kimberly Carey, Shannon Dilbeck, and Victoria Molinarolo, shall each be awarded $ 5,000.00 as incentive awards in their capacity as representative Plaintiffs in the Actions.

9. The Court will retain continuing jurisdiction over the Actions for the reasons and purposes set forth in this Court's Final Approval Order.

_____
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE